**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **VINCENT E. HENDERSON, JR.,** | CASE NO. 3:22 CV 424 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CHRISTIAN ORTOLANI, et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* plaintiff Vincent E. Henderson, Jr. has filed this civil rights action under 42 U.S.C. § 1983 against Officer Christian Ortolani and the Fremont Municipal Court alleging Defendants violated his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments (Doc. 1). Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. 2). The Court grants that application.

### BACKGROUND

Plaintiff's Complaint concerns circumstances surrounding his arrest and detention in January 2022, as well as court appearances from January 2021 through March 2022.

According to the Complaint, Plaintiff was exiting a Fremont, Ohio convenience store in January 2022 when Officer Ortolani stopped him, asked for his name, and told him he was under arrest. (Doc. 1-6, at 1). Officer Ortolani said two incarcerated individuals told him Plaintiff was driving without a license and had a bookbag full of drugs and a gun. *Id.* Plaintiff states Officer Ortolani and his partner placed him in handcuffs, searched him, and ran his name through law enforcement databases. *Id.* Because there were no outstanding warrants or holds, the officers permitted Plaintiff to leave, but not to drive his car. *Id.*

Plaintiff walked until he saw a friend and asked for a ride. *Id.* Plaintiff claims as soon as he entered his friend's truck and they began to drive away, Officer Ortolani followed and stopped the vehicle. *Id.* Officer Ortolani said he stopped the vehicle because he was not able to read the vehicle's temporary license plate. *Id.* Plaintiff claims Officer Ortolani then asked him to step out of the vehicle, placed him in handcuffs, and again searched him. Plaintiff asserts Officer Ortolani told him he was being detained for "the white substance on the floorboard," before the officer searched the vehicle. *Id.* Plaintiff alleges Officer Ortolani's actions constituted harassment and an unlawful search and seizure; he further alleges wrongful arrest and false imprisonment. *Id.*

Plaintiff was charged in Fremont Municipal Court with several counts resulting from this January stop, including illegal conveyance of drugs, possession of drugs, resisting arrest, and obstructing official business. *Id.* Plaintiff also contends the officer "out of pure spite and an act of unprofessional retaliation . . . came back to the county jail to charge [him] with a misdemeanor theft for not releasing [his] own property." *Id.* A review of the public docket of the Fremont Municipal Court reveals of these charges were ultimately dismissed.[1]

Plaintiff further alleges that, during various criminal case proceedings, the judge presiding over his case did not permit Plaintiff to represent himself, rescheduled a hearing already in progress, and made "biased judgment throughout all the negligence." *Id.* at 2; *see also* Doc 1-7.

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is

---

1. The Court takes judicial notice of the public dockets, opinions, and proceedings issued by other courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

As an initial matter, the Fremont Municipal Court is not *sui juris* and is therefore not a proper defendant. Capacity to sue or be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b)(3). Under Ohio law, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of*

3

*Cuyahoga Cty.*, 344 N.E.2d 126, 128 (Ohio 1976); *Hawkins v. Youngstown Municipal Court*, 2012 WL 4050167, at *2 (N.D. Ohio). Plaintiff's claims against the Fremont Municipal Court therefore fail as a matter of law.

Second, to the extent Plaintiff's complaint asserts claims against the Fremont Municipal Court judge presiding in his criminal proceedings, these claims must also be dismissed. Judicial officers generally are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991*); Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Plaintiff appears to object to decisions the municipal court judge made in within the course of the criminal proceedings against him, such as the decisions to deny Plaintiff's request to represent himself and to continue a pretrial hearing. Decisions concerning pretrial proceedings and pending motions are actions typically performed by judges in criminal matters. Plaintiff has not established that the judge acted clearly outside of the subject matter jurisdiction of the court over which the judge presides. The Fremont Municipal Court judge is therefore absolutely immune from damages in this action.

Plaintiff's Complaint therefore fails to allege a plausible constitutional violation against the Fremont Municipal Court and the judge presiding over his criminal proceedings.

This case shall therefore proceed solely on Plaintiff's constitutional claims against Officer Ortolani.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's claims against the Fremont Municipal Court are DISMISSED pursuant to 28 U.S.C. § 1915(e), and it is

FURTHER ORDERED that to the extent the Complaint alleges any claims against the judge who presided over his criminal proceedings, those claims are also DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff must provide U.S. Marshal forms and summonses for the Defendant Ortolani within thirty (30) days of this Order,[2] and further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail Marshal forms and summonses to Plaintiff with a copy of this Order.

                     s/ *James R. Knepp II*
                     UNITED STATES DISTRICT JUDGE

---

2. Because Plaintiff has not provided U.S. Marshal forms or summonses to serve the defendant, Officer Ortolani, the Clerk's Office cannot currently forward this matter to the Marshal for service.